**FILED**

**May 17, 2016**

**TN COURT OF WORKERS' COMPENSATION CLAIMS**

**Time: 11:00 AM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT KINGSPORT

| | |
|---|---|
| Jerry Fannon<br>      Employee, | )    Docket No.: 2016-02-0037 |
| v. | )    State File Number: 3253-2016 |
| Ron's Millwright Service, Inc.<br>      Employer,<br>And | )    Judge Brian K. Addington |
| FCCI Insurance Co.<br>      Insurance Carrier. | ) |

## ORDER DENYING REQUESTED TEMPORARY DISABILITY AND MEDICAL BENEFITS

This matter came before the undersigned Workers' Compensation Judge on the Request for Expedited Hearing filed by the employee, Jerry Fannon, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is the compensability of the employee's work injury, which he allegedly sustained while lifting a heavy steel propane tank. The central legal issue is whether the employee provided sufficient information to establish an injury compensable under the Tennessee Workers' Compensation Law.[1] For the reasons set forth below, the Court finds Mr. Fannon did not establish the compensability of the alleged injury and denies the requested relief at this time.

## History of Claim

Employee, Jerry Fannon, is a sixty-seven-year-old resident of Greene County, Tennessee. (T.R. 1 at 1.) He testified he is retired and receives "old-age" Social Security benefits. Ron's Millwright Service, Inc. hired Mr. Fannon in December 2015 to work as a part-time truck driver. (Coll. Ex. 2 at 4.)[2] Given the part-time nature of his employment,

---

[1] Additional information regarding the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an Appendix.

[2] Millwright introduced three unsworn written statements into evidence as Collective Exhibit 2. The statements were

1

Mr. Fannon did not begin working for Millwright until January 4, 2016. *Id.* According to Mr. Fannon's testimony, during his first day on the job, a mechanic named Howard Bradford asked him to move a steel propane tank. (*See also* Coll. Ex. 2 at 1.) Mr. Fannon described the tank as weighing approximately 150 pounds. He lifted and carried the tank about 200 feet into the warehouse and claimed he "strained all my muscles and my joints" as a result. (Ex. 1 at 1.) According to Mr. Bradford, Mr. Fannon lifted the tank with no trouble. (Coll. Ex. 2 at 1.)

Mr. Fannon returned to work the next day without incident. Mr. Bradford filed a written statement confirming he worked with Mr. Fannon the day after the injury and that Mr. Fannon worked normally, making no mention of an injury. (Coll. Ex. 2 at 2.) However, Mr. Fannon testified that, later that evening, he began to feel pain in his muscles and joints.

Shortly thereafter, J.C. Wampler, the shop foreman, telephoned Mr. Fannon to see if he wanted to work. (Coll. Ex. 2 at 7.) Mr. Fannon testified he told Mr. Wampler he was sore and that while he was not sure, he thought lifting the propane tank caused his condition. *Id.* According to Mr. Fannon, Mr. Wampler asked him to come in, complete an injury report, and go to an approved clinic, Industricare, for treatment. Mr. Fannon did so.[3] Millwright denied the claim thereafter. Mr. Fannon testified he attempted to treat with his personal physician, but his doctor refused to see him under his private insurance when he claimed a work injury. According to Mr. Fannon, he has not worked since his last day at Millwright.

Mr. Fannon filed a Petition for Benefit Determination seeking additional medical and temporary disability benefits on January 27, 2016. (T.R. 1 at 1.) The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice. (T.R. 2.) On March 30, 2016, Mr. Fannon filed a Request for Expedited Hearing. (T.R. 3.) This Court heard the matter on May 12, 2016.

At the Expedited Hearing, Mr. Fannon asserted that he strained his whole body, generally, as a result of lifting the propane tank. While he questioned whether any additional medical treatment would help him at this point, he thought a chiropractor could help his balance problems. He asserted Millwright should be responsible for "off-work benefits" and medical treatment. Millwright countered that Mr. Fannon failed to carry his burden to establish an injury by accident, in accordance with Tennessee Code Annotated section 50-6-102(14)(A) (2015). It also asserted Mr. Fannon failed to present sufficient

---

made by Howard Bradford, a mechanic who worked with Mr. Fannon; Brett Purgason, Millwright's Building Division Manager; and J. W. Wampler, Millwright's shop foreman. The Court presented the statements to Mr. Fannon, who advised he had no objection to their admission into evidence.

[3] The parties did not admit the medical record of the Industricare visit into evidence. Since a party supplied the Industricare record prior to the hearing, the Court specifically asked Mr. Fannon if he wished to introduce it as an exhibit. Mr. Fannon replied in the negative.

evidence from which the Court could determine that he is likely to prevail at a trial on the merits.

**Findings of Facts and Conclusions of Law**

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). Mr. Fannon, in this workers' compensation claim, has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987); *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015).

Mr. Fannon need not prove every element of his claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). However, at an expedited hearing, he has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

To be compensable under the workers' compensation statutes, an injury must arise primarily out of and occur in the course and scope of the employment. Tenn. Code Ann. § 50-6-102(14) (2015). "An injury 'arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(14)(B) (2015). Furthermore, "other than in the most obvious cases, an employee must establish by *expert medical evidence* the causal relationship between the claimed injury and the employment activity." *Orman v. Williams Sonoma, Inc.,* 803 S.W.2d 672, 676 (Tenn. 1991)(emphasis added).

At the Expedited Hearing, Mr. Fannon was not specific about the nature of his claimed injury. He suggested the muscles and joints in his whole body ached, but offered no further clarification about the nature and extent of his claimed injury. Without knowing the nature of his injury, it cannot be said that his claim constitutes an "obvious case." As a result, expert medical evidence is required to prove causation. Mr. Fannon offered no expert medical evidence to establish that he sustained an injury as the result of his work activity on January 4, 2016. He provided no evidence to establish his work activity "contributed more than fifty percent in causing the injury, considering all causes," as the above-referenced statute requires. By Mr. Fannon's own acknowledgement, Millwright paid for him to be seen at one of its approved medical facilities, Industricare, when he reported the injury. The Court declines to order a panel of physicians.

3

Considering all the evidence, including the other Millwright employees' statements, the evidence does not support a finding that Mr. Fannon has come forward with sufficient evidence from which the Court could conclude he is likely to prevail at a hearing on the merits. His requests for additional medical benefits and temporary disability benefits are denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Fannon's claim against Millwright and its workers' compensation carrier for the requested additional medical benefits and temporary disability benefits is denied.

2. This matter is set for an Initial (Scheduling) Hearing on June 28, 2016, at 11:00 a.m. Eastern.

**ENTERED this the 17th day of May, 2016.**

**Judge Brian K. Addington**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

A Scheduling Hearing has been set with **Judge Brian K. Addington, Court of Workers' Compensation Claims. You must call toll-free at 855-543-5044 to participate in the Initial Hearing.**

**Please Note:** You must call in on the scheduled date/time to participate. **Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Eastern Time (ET).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Exhibits:
1. Affidavit of Jerry Fannon, March 30, 2016;
2. (Collective) Declarations of Howard Bradford, Brett Purgason, and J.C. Wampler; and,
3. Wage Statement, February 5, 2016.

Technical record:[4]
1. Petition for Benefit Determination, January 27, 2016;
2. Dispute Certification Notice, filed February 23, 2016;
3. Request for Expedited Hearing, March 30, 2016;
4. Email of defense position from Millwright's attorney, February 10, 2016;
5. Millwright's objection to the DCN, February 18, 2016;
6. Millwright's Pre-Hearing Brief, April 28, 2016.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 17th day of May, 2016.

| Name | Certified Mail | Via Email | Service Sent To: |
|------|----------------|-----------|------------------|
| Jerry Fannon | X | | 2885 N. Wesley Chapel R. Greeneville, TN 37745 |
| J. White, Esq. | | X | jennifer.white@petersonwhite.com |

Penny Shrum, Court Clerk
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

---

[4] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.